UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAVIGATORS INSURANCE COMPANY,

                Plaintiff,

-against-

GOYARD, INC.

                Defendant.

Civil Action No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, NAVIGATORS INSURANCE COMPANY (hereinafter, the "Insurer" or "Navigators" or "Plaintiff") by and through its attorneys, MENDES & MOUNT, LLP, as and for its Complaint for Declaratory Judgment against Defendant, GOYARD, INC. (hereinafter, the "Insured" or "Goyard" or "Defendant") alleges the following:

**PRELIMINARY STATEMENT**

1. This is an action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Goyard is the named insured under an ocean marine open cargo insurance policy issued by Navigators. Goyard submitted a claim under the Navigators insurance policy seeking to recover for damage to and/or loss of goods stored at 20 E. 63rd Street, New York, New York caused by riots/civil commotion/looting that occurred on or about June 1, 2020. Navigators requests that this this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject policy of insurance; and that such judgment specify and declare that Plaintiff, Navigators, is under no duty or obligation to indemnify Defendant; and declare that the exclusions from coverage and/or warranties in the Navigators Policy apply to preclude coverage for the insurance claim submitted by

Goyard; and further declare that there is no coverage for the claim under the Navigators policy.

## THE PARTIES

2. Upon information and belief, at all times mentioned herein, Plaintiff, Goyard was and is a domestic corporation with its place of business located in New York, New York. Goyard manufactures leather luggage, specializing in wardrobe bags; and wholesales women's and children's clothing and accessories, specializing in handbags; and sells to the general public.

3. At all times hereinafter mentioned, Plaintiff, Navigators, was and is an insurance company incorporated in the State of New York.

## JURISDICTION AND VENUE

4. This is a claim within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. Section 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5. Goyard is subject to the personal jurisdiction of this Court because it transacts business within the State of New York and within this District, with an office for conducting business at 20 East 63rd Street, New York, New York.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the insurance claims which are the subject matter of this action occurred in this judicial district.

# FACTUAL ALLEGATIONS

### A. The Ocean Marine Open Cargo Policy

7. On or about December 16, 2019, Navigators underwrote and issued a policy of ocean marine insurance to Goyard, Inc. bearing Policy Number SF20CAR0BG9D301 (the material insuring terms, conditions, limitations, exclusions and warranties of which are attached hereto as Navigators Exhibit 1 subject to privacy and proprietary redactions) which provided marine insurance: (1) when the insurance attached on specific shipments of cargo; and also (2) for goods insured under the Policy while detained in locations approved by Navigators, according to express terms, conditions, limitations, exclusions and warranties for the period commencing January 1, 2020, and open and continuous until cancelled (hereinafter, referred to as the "Policy"). The policy being a writing, it speaks for itself and must be read in its entirety.

### B. The Event

8. On or about June 2, 2020, representatives for the Insured reported that on June 1, 2020 at the 20 E 63rd Street, New York, New York location, looting and rioting occurred resulting in damage and loss of stock merchandise.

9. Representatives of Goyard submitted a first notice of loss on June 2, 2020 (hereinafter referred to as the "Notice") stating, *inter alia*, that the Insured was a victim of looting during the civil riots and suffered damage to its stock located at 20 E 63rd Street, New York, New York 10065.

10. The Notice further stated that an "Alarm was set off I believe around 10 pm . . . and the boutique director, Sandy Wu, was alerted by the security company of possible breach."

11. The Notice further stated that police were "dispatched early in the night and made several arrests, however this was only the beginning of the looting."

12. The Notice further stated that "[t]hroughout the night looters came and destroyed the first two floors of our retail space and stole merchandise (we have CCTV of the night)."

13. The Notice further stated "[t]hey were able to get up to the 4th floor and broke the door to 'exit' through the fire escape, however this brings them back down to the back of the boutique (one entrance only)."

14. The Notice further stated that "[t]here is significant damage that we can share photos of."

15. The Notice further stated that "[t]his morning we had the entire building boarded up and secured the remaining merchandise in our corporate office on the 5th floor, that was also reinforced with boarding."

16. On or about, June 5, 2020, representatives for Navigators assigned McLarens to investigate the Notice of Goyard.

17. McLarens issued Report #1 dated June 26, 2020 concerning its investigation of the Loss Location 20 East 63rd Street, New York, N.Y. 10065, Navigator's Claim Number CAR338529, Navigator's Policy Number SF20CAR0BG9D301.

18. The McLarens Report #1 stated, in pertinent part, under the caption – CAUSE AND ORIGIN, THAT on June 1, 2020 at approximately 9:00 PM looters shattered the front entry door glass and broke through the steel rolldown gate. Once inside, looters caused extensive

damage to high-end furniture, display fixtures and building improvements. Additionally, a large volume of stock (mainly women's handbags and accessories) was stolen.

19. The McLarens Report #1 further stated that the New York City Police Department made several arrests but were ultimately unable to prevent other looters from entering the premises.

20. The McLarens Report #1 further stated a security company hired by the insured made an emergency visit to the site at approximately 10:30 PM on June 1, 2020 and re-secured the steel gate with chains. Unfortunately, looters defeated the chains with a hydraulic tool and continued to loot and vandalize the premises.

21. The McLarens Report #1 further stated that most of the looting was captured on the insured's security surveillance system.

22. The McLarens Report #1 further stated that the New York City Police Department is conducting an investigation and has escalated this matter to its Major Case Unit.

23. In a letter dated 26 June 2020, representatives of Navigators issued a reservation of rights letter while Navigators investigated the incident and determined coverage under the Policy; said letter was not intended to be all inclusive, and all rights and defenses under the Policy or otherwise, whether express or implied, or mentioned in said letter or not, were reserved to the Insurer.

**C. Applicable Policy Provisions**

24. The primary or principal objective of the Navigators Ocean Marine Open Cargo policy is to facilitate the transportation of goods by sea from ports and/or places in the world to and at

ports and/or places in the world directly or via ports and/or places in any order, including the risk of transshipment by land, air or water. The Policy provides coverage pursuant to terms, conditions, warranties, limitations and deductibles for the Insured's goods in transit.

25. The Policy's coverage for Goyard's lawful goods and merchandise while in transit and while in storage is set forth in the following relevant provisions in the Declaration Page:

MARINE OPEN CARGO POLICY<br>Policy Number: SF20CAR0BG9D301<br>. . . .<br>OCEAN MARINE OPEN CARGO POLICY DECLARATIONS<br>. . . .

GEOGRAPHICAL LIMIT
This Policy covers all shipments, at and from ports and/or places in the world to and at ports and/or places in the world directly or via ports and/or places in any order, including the risk of transshipment by land, air or water.
. . . .

INSURING CONDITIONS
All shipments of "goods insured," unless otherwise specified herein, are insured against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties or any other exclusion appearing elsewhere in this Policy. . . . .

ADDITIONAL COVERAGE & TERMS
. . . .
-Storage Coverage – Coverage and approved locations listed below.
. . . .

26. The Navigators Policy's coverage for Goyard's goods while in transit, and while in storage, is further set forth in the following relevant policy provisions:

MARINE OPEN CARGO POLICY<br>Policy Number: SF20CAR0BG9D301<br>. . . .<br>General Conditions<br>. . . .

21. New York Law and Usage

It is agreed that this Policy and its endorsement(s) is a contract of marine insurance protecting against marine risks and has been applied for, priced and underwritten as such, and the law applicable to any interpretation of this Policy and "your" and "our" rights and obligations hereunder shall be US federal maritime common law or, in the absence of
US federal maritime common law, the law of the state of New York, irrespective of any principles of choice of law.

. . . .

Terms of Coverage

. . . .

27. Insuring Conditions

A. All shipments of "goods insured," unless otherwise specified on the attached Policy Declarations, are insured against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties or any other exclusion appearing elsewhere in this Policy.

Exclusions

. . . .

61. Loss of Market, Delay, Inherent Vice

Warranted that this Policy does not cover claims for loss of market, interruption of business, or for loss, damage or deterioration arising from delay, or inherit vice or nature of the "goods insured", whether caused by a peril insured against or otherwise, unless expressly assumed in "writing" hereon.

. . . .

Paramount Warranties

The following Warranty(ies) shall be paramount and shall not be modified or superseded by any other provision included herein or stamped or endorsed hereon unless such other provision refers to the risks excluded by these Warranty(ies) and expressly assumes the said risks:

. . . .

65. SR&CC Warranty (April 3, 1980 87B 109C)

NOTWITHSTANDING ANYTHING HEREIN CONTAINED TO THE CONTRARY, THIS INSURANCE IS WARRANTED FREE FROM LOSS, DAMAGE OR EXPENSE CAUSED BY OR RESULTING FROM:

A. strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrences or disorders,

B. vandalism, sabotage or malicious act, which shall be deemed also to encompass the act or acts of one or more persons, whether or not agents of a sovereign power, carried out for political, terroristic or ideological purposes and whether any loss, damage or expense resulting therefrom is accidental or intentional.

. . . .

ENDORSEMENT NO. 4
STORAGE COVERAGE
Attached to and forming part of Policy No. SF20CAR0BG9D301
Issued to Goyard Inc.
1. Property Insured
In consideration of premium as set forth elsewhere herein, this Policy is hereby extended to cover goods insured under the policy to which this endorsement is attached while detained in locations approved by these Assurers subject to terms and as hereinafter provided.
2. Attachment and Termination
This insurance attaches on all goods described above contained in locations approved by these Assurers on or after As per Declaration Page
. . . .
3. Perils Insured
Goods shall be insured under this endorsement subject to the same terms and conditions as applicable during transit, as set forth in the policy to which this endorsement is attached, except as hereinafter excluded or specifically provided for . . . .
5. Other Insurances
In the event that the Assured shall also have placed other insurance on goods at any location covered by this endorsement, this insurance shall not apply.
. . . .
9. Perils Excluded
Notwithstanding anything written or printed above or elsewhere herein, and in addition to the perils excluded in the policy to which this endorsement is attached, the following perils are excluded from coverage:
(E) Risks excluded by the F.C. & S and SR & CC warranties contained in the open policy, to which this coverage is attached.
. . . .
ALL OTHER TERMS AND CONDITIONS OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED REMAIN UNCHANGED.

27. The Goyard location at 20 E. 63rd Street New York, New York was included as a location approved by Navigators.

## COUNT ONE
### (Declaratory Judgment Against Goyard)

28. Navigators repeats and incorporates by reference the preceding allegations as if set forth herein.

29. Based on the terms, conditions, limitations, exclusions and warranties of the Navigators Policy, Navigators has no obligation to provide coverage to Goyard concerning its insurance claim for alleged physical loss or damage to the goods located at 23 East 63rd Street, New York, New York occurring on or about June 1, 2020. There is an actual controversy between Goyard and Navigators with respect to the coverage afforded to Goyard under the Policy, and Navigators is entitled to a judicial determination concerning the scope and nature of its rights and obligations to Goyard under the Policy.

30. Navigators has no adequate remedy at law.

31. The Policy is a marine insurance contract subject to admiralty jurisdiction pursuant to 28 USC 1333 and is subject to federal maritime law.

32. The Navigators Policy (the material terms, conditions, limitations, exclusions and warranties are incorporated herein in Navigators Exhibit 1) does not provide coverage for any physical loss or damage and related expenses as alleged in the Notice.

33. Any physical loss or damage and related expenses alleged in the Notice were not covered under the Navigators Policy because the Policy only provides limited coverage according to the clauses below:

    MARINE OPEN CARGO POLICY
    Policy Number:  SF20CAR0BG9D301
    . . . .
    OCEAN MARINE OPEN CARGO POLICY DECLARATIONS
    . . . .
    INSURING CONDITIONS
    All shipments of "goods insured," unless otherwise specified herein, are insured against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties or any other exclusion appearing elsewhere in this Policy. . . . .

. . . .
Terms of Coverage
. . . .
27. Insuring Conditions
A. All shipments of "goods insured," unless otherwise specified on the attached Policy Declarations , are insured against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties or any other exclusion appearing elsewhere in this Policy.

34. The physical loss or damage and related expenses alleged in the Notice are excluded from coverage under the following Paramount SR&CC Warranty:

Paramount Warranties

The following Warranty(ies) shall be paramount and shall not be modified or superseded by any other provision included herein or stamped or endorsed hereon unless such other provision refers to the risks excluded by these Warranty(ies) and expressly assumes the said risks:
. . . .
65. SR&CC Warranty (April 3, 1980 87B 109C)
NOTWITHSTANDING ANYTHING HEREIN CONTAINED TO THE CONTRARY, THIS INSURANCE IS WARRANTED FREE FROM LOSS, DAMAGE OR EXPENSE CAUSED BY OR RESULTING FROM:
A. strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrences or disorders,
B. vandalism, sabotage or malicious act, which shall be deemed also to encompass the act or acts of one or more persons, whether or not agents of a sovereign power, carried out for political, terrorist or ideological purposes and whether any loss, damage or expense resulting therefrom is accidental or intentional.

35. Any element of Plaintiff's claim for consequential damages, including but not limited to any alleged business loss, costs and/or attorneys fees, is not the type of physical loss or damage that is covered by a marine cargo policy concerning damages related to physical loss or damage, even if a loss is otherwise covered by the subject Policy, which is denied.

36. The Navigators Policy does not provide coverage for consequential damages, loss of business, costs or attorneys fees to the extent these claims are related to alleged physical loss or damage in that coverage is limited and otherwise excluded as follows:

    Exclusions
    . . . .
    61. Loss of Market, Delay, Inherent Vice
    Warranted that this Policy does not cover claims for loss of market, interruption of business, or for loss, damage or deterioration arising from delay, or inherit vice or nature of the "goods insured", whether caused by a peril insured against or otherwise, unless expressly assumed in "writing" hereon.

37. The Navigators Policy (the material terms, conditions, limitations, exclusions and warranties are incorporated herein in Navigators Exhibit 1) excludes coverage for any alleged physical loss or damage and related expenses stated in the Notice, as the goods were stored at a location named in the Notice, and therefore the applicable insuring terms and conditions are provided in Endorsement No. 4 to the Policy entitled Storage Coverage. The Endorsement clearly and unambiguously excludes coverage as follows:

    The Storage Coverage Endorsement states under Paragraph 1, Property Insured, that the Policy is hereby extended to cover goods insured under the policy to which this endorsement is attached while detained in locations approved by these Assurers subject to terms and as hereinafter provided.

    The Storage Coverage Endorsement states under Paragraph 3, Perils Insured, that the goods shall be insured under this endorsement subject to the same terms and conditions as applicable during transit, as set forth in the policy to which this endorsement is attached, except as hereinafter excluded or specifically provided for . . . .
    . . . .
    The Storage Coverage Endorsement states under Paragraph 9, Perils Excluded, as follows:
    Notwithstanding anything written or printed above or elsewhere herein, and in addition to the perils excluded in the policy to which this endorsement is attached, the following perils are excluded from coverage**:**

. . . .
 (E) Risks excluded by the F.C. & S and SR & CC warranties contained in the open policy, to which this coverage is attached.

38. The Navigators Policy (the material terms, conditions, limitations, exclusions and warranties are incorporated herein in Navigators Exhibit 1) excludes coverage for any alleged physical loss or damage and related expenses stated in the Notice, as the goods were stored at a location named in the Notice, and therefore the applicable insuring terms and conditions are provided in Endorsement No. 4 to the Policy entitled Storage Coverage.  The Endorsement clearly and unambiguously excludes coverage as follows:

ENDORSEMENT NO. 4
STORAGE COVERAGE
. . . .
3. Perils Insured
Goods shall be insured under this endorsement subject to the same terms and conditions as applicable during transit, as set forth in the policy to which this endorsement is attached, except as hereinafter excluded or specifically provided for . . . .
5. Other Insurances
In the event that the Assured shall also have placed other insurance on goods at any location covered by this endorsement, this insurance shall not apply.

39. Any liability under the Navigators Policy, which is denied, is subject to policy terms, conditions, limitations, exclusions and warranties pertaining to the adjustment of the claim. The physical loss or damage and related expenses alleged in the Notice are not covered or otherwise excluded from coverage under the Navigators Policy; alternatively, Defendant must establish the insured values of its claim in accordance with the Limits of Liability,

Valuation and Loss Clauses of the Navigators Policy, incorporated by reference herein and identified as Navigators Exhibit 1.

40. The applicable law is U.S. Federal Maritime Law and in the absence of federal maritime law, the law of the State of New York as a matter of law, and as agreed by the parties in the contract of insurance:

   21. New York Law and Usage
   It is agreed that this Policy and its endorsement(s) is a contract of marine insurance protecting against marine risks and has been applied for, priced and underwritten as such, and the law applicable to any interpretation of this Policy and "your" and "our" rights and obligations hereunder shall be US federal maritime common law or, in the absence of US federal maritime common law, the law of the state of New York, irrespective of any principles of choice of law.

41. As the Navigators Policy is a marine insurance contract subject to admiralty and maritime jurisdiction and this Claim has been designated under Rule 9(h) of the FRCP, Defendant is not entitled to a jury.

### **DEMAND FOR NON-JURY TRIAL**

42. Defendant hereby asserts its right under admiralty and maritime law and Rule 9(h) of the FRCP to a trial by the Court, without a jury.

**WHEREFORE**, Plaintiff, NAVIGATORS INSURANCE COMPANY, demands judgment as follows:

1. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject policy of insurance, and that such judgment specify and declare that Plaintiff, Navigators Insurance Company, is under no duty or obligation to indemnify Defendant, Goyard, Inc. under Policy No. SF20CAR0BG9D301 with respect to the Notice;

2. Declaring that the exclusions from coverage and/or exclusions and/or warranties in the Navigators Policy apply to preclude coverage under the Policy;

3. Declaring that there is no coverage for Goyard, Inc. under the Policy; and

4. Awarding such other and further relief to Navigators, including attorneys' fees and costs, as the Court may deem just and proper.

Dated: New York, New York
August 18, 2020

                              **MENDES & MOUNT, LLP**

By:   */s/ Stephen V. Rible*
        Stephen V. Rible (SR 4405)
        Frank Jordan (FJ 1923)
        *Attorneys for Plaintiff*
        *Navigators Insurance Company*
        750 Seventh Avenue
        New York, New York 10019-6829
        Office: (212) 261-8007
        Mobile: (908) 902-5180
        Stephen.Rible@Mendes.com
        Frank.Jordan@Mendes.com