```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NAVIGATORS INSURANCE COMPANY,            :

                        Plaintiff,       :     OPINION & ORDER

          -v.-                           :
                                                20 Civ. 6609 (AKH) (GWG)
GOYARD, INC.,                            :

                        Defendant.       :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

On June 21, 2022, this Court issued an opinion and order granting defendant's motion to strike the expert report of Robert V. Comegys. See Navigators Ins. Co. v. Goyard, Inc., 2022 WL 2205596 (S.D.N.Y. June 21, 2022). Plaintiff Navigators Insurance Company ("Navigators") has moved for reconsideration of this ruling.[1] For the following reasons, Navigators' motion is denied.

Law Governing Motions for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). "The standard for

---

[1] See Motion for Reconsideration, filed July 5, 2022 (Docket # 78); Memorandum of Law in Support, filed July 5, 2022 (Docket # 79) ("Pl. Mem."); Memorandum of Law in Opposition, filed July 19, 2022 (Docket # 83); Declaration of Brett Van Benthysen in Opposition, filed July 19, 2022 (Docket # 84); Reply Memorandum of Law, filed July 27, 2022 (Docket # 88) ("Pl. Reply").

granting a motion for reconsideration is strict," RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 445 (S.D.N.Y. 2017), and therefore such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (punctuation omitted); accord Ortega v. Mutt, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly."). The Second Circuit has held that "[a] motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

Further, a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." City of Austin Police Ret. Sys. v. Kinross Gold Corp., 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013). In other words, "'a party may not advance new facts, issues[,] or arguments not previously presented to the Court' on a motion for reconsideration." Steinberg v. Elkman, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)); accord Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

Additionally, the rule permitting reconsideration must be "narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (punctuation omitted).

A narrow application of the rule not only "helps 'to ensure the finality of decisions,'" but also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Henderson v. Metro. Bank & Tr. Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)).

Discussion

Navigators argues that the Court's opinion striking the Comegys report overlooked certain decisions holding that an insurance expert may testify as to customs and practices within the insurance industry. See Pl. Mem. at 1, 3-5. Navigators cites SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 467 F.3d 107 (2d Cir. 2006), and Seneca Ins. Co. v. Wilcock, 2007 WL 415141 (S.D.N.Y. Feb. 5, 2007), in support of its motion for reconsideration. See Pl. Mem. at 2-3; Pl. Reply at 8. However, these decisions, both of which were decided prior to this Court's decision granting the motion to strike, were not cited in Navigators' brief in opposition to that motion. See generally Memorandum of Law in Opposition to Motion to Strike, filed May 19, 2022 (Docket # 72). Nor were any of the out-of-circuit cases cited by Navigators for the same proposition. See Pl. Mem. at 3-4. In deciding a motion for reconsideration, a court need not consider previously uncited cases, which necessarily do not involve an intervening change of law. See Sanders v. Sanders, 2021 WL 5988343, at *2 (S.D.N.Y. Dec. 17, 2021) ("Plaintiff's reliance on those cases is improper on a motion for reconsideration. None of the cited cases involves an intervening change of law; they were all decided before the Court dismissed this case."); accord Allen v. Cepelak, 2021 WL 5298076, at *4 n.3 (D. Conn. Nov. 15, 2021); Bishop v. Cnty. of Suffolk, 2015 WL 5719802, at *5 (E.D.N.Y. Sept. 29, 2015).

In any event, these cases provide no reason for this Court to depart from its decision granting the motion to strike. SR International upheld the admission of expert testimony concerning "custom and usage in the insurance industry." 467 F.3d at 132. Comegys' report contains but a single sentence that relates to this issue, which reads as follows: "This is standard practice in the United States cargo insurance market, in that coverage for Strikes, Riots and Civil Commotions is only provided while goods are in transit but not while being detained or stored at a warehouse that is named and insured under the Policy." See Report of Robert V. Comegys, annexed as Ex. 3 to the Declaration of Brett Van Benthysen, filed May 3, 2022 (Docket # 71-3) ("Comegys Report"), at 6. Comegys' report does not otherwise concern custom and usage. To the extent Navigators' motion for reconsideration is an effort to admit this single sentence, we have already noted that it is not clear why the "standard practice" of other carriers is relevant here. Navigators, 2022 WL 2205596, at *4 n.2. But more fundamentally, the single sentence in the report is unsupported by any discussion or analysis. It would be one thing if the report explained why certain terms have certain meanings in the industry, why carriers structured provisions in a specific way, and whether Navigators would have followed such a practice. But the Comegys report does none of this. The report has nothing to do with any practice in the industry but instead consists of a lengthy analysis of the interplay of the various contractual provisions.

Notably, the expert testimony at issue in SR International was of a completely different character from even the single sentence offered by Comegys. SR International involved an opinion that focused on the meaning of certain terms in the policy, specifically: the practice of insurers to "tie the definition of occurrence to a physical cause of loss in order to maximize the number of deductibles that an insured would be required to pay" and the fact that "insurers used

'hours' clauses when they wished to aggregate the losses associated with specific perils — e.g., hurricanes and earthquakes." 467 F.3d at 132. The expert's testimony in SR International thus illuminated the intent of the drafter of the policy in choosing to include specific terms in the policy. Comegys' report contains no such explanation.

As for Seneca, it merely allowed an expert to testify regarding "industry usage" of specific terms ("loss" and "claim"). 2007 WL 415141, at *9. Consistent with this Court's decision, Seneca held that other testimony would not be admitted because it amounted to "evidence concerning the ultimate legal issues in the case" and thus "would not assist the trier of fact." Id. at *10. Here, of course, Comegys offers no explanation of the meaning or usage of specific terms.

We will not address every case cited by Navigators inasmuch as the remainder were either not raised in their original brief or are not controlling.[2] In any event, none of them depart from the principles we discuss here.

Navigators does press arguments about a case raised in its brief that was not specifically discussed in the Court's opinion: Binghamton-Johnson City Joint Sewage Board v. American Alternative Insurance Corp., 2015 WL 5023650 (N.D.N.Y. Aug. 25, 2015). See Pl. Mem. at 5; Pl. Reply at 5-6. While a court is not obligated to address by name every case raised in the losing party's motion papers, we will note that Binghamton does not support the admission of the Comegys report. Binghamton granted in part and denied in part a motion to preclude the trial testimony of an expert witness as to the meaning of an insurance policy. See 2015 WL 5023650, at *1. However, while the court stated that the expert could testify as to "general standard

---

[2] Although Navigators cites Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), for general principles regarding expert testimony, see Pl. Reply at 3 n.2, Navigators does not articulate any way in which Daubert is inconsistent with this Court's decision.

practices and customs," and stated (with little explanation as to why) that the expert could testify "how this particular policy is structured and how its provisions relate to each other," the court precluded the expert from testifying as to "his review of the policy regarding coverage for the losses caused by the collapse, [or] what this policy's terms actually mean." Id. at *5.  Here, parts of Comegys' report could be characterized as opining on how the policy is "structured."  But the portions on structure are offered exclusively in support of Comegys' opinion as to whether the policy provides coverage.  It is possible that there may exist circumstances in which a jury might need the aid of an expert to discern how a policy is "structured" and perhaps there was such a need in Binghamton, though the text of the decision does not make clear why.  Understanding the structure of the policy in this case, however, requires no expertise and there is no reason that the structure cannot be explained to the factfinder by the attorneys in their arguments if it comes to that.  More likely, the structure of the policy is a matter that will be dealt with in a motion for summary judgment and the judge considering that motion will have no need for outside expertise to do so.

     Navigators argues that this Court erred in its analysis of Travelers Indemnity Co. v. Northrop Grumman Corp., 2014 WL 464769, at *5 (S.D.N.Y. Jan. 28, 2014), and American Home Assurance Co. v. Merck & Co., 462 F. Supp. 2d 435, 448 (S.D.N.Y. 2006).  See Pl. Mem. at 2, 5-6.  But as Navigators implicitly concedes, the cases were not "overlooked" and Navigators' renewed attempts to distinguish these decisions do not establish "a clear error" in the Court's prior decision.  See Kolel Beth Yechiel Mechil of Tartikov, 729 F.3d at 104.  Mindful that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple,"

Analytical Surveys, 684 F.3d at 52 (punctuation omitted), Navigators' arguments regarding these cases do not provide a basis for disturbing the Court's decision.

To the extent Navigators argues that Comegys' report does not opine on the ultimate issue in this case, see Pl. Reply at 1, that is not the point. We rejected the report not because it opined on the "ultimate issue" in the case, which is specifically permitted under Fed. R. Evid. 704, but because it opines on "ultimate legal conclusions," 2022 WL 2205596, at *4, which is impermissible, see Bilzerian, 926 F.2d at 1294.

Navigators argues that it was "impossible for the Comegys Report to opine on the ultimate conclusion of this case" since that conclusion would require both a finding that the loss was the result of rioting and a conclusion that the policy does not provide coverage for the loss. See Pl. Reply at 1. The Court rejects this argument as well. Obviously, Comegys' analysis is of no use if a factfinder finds that the loss was not caused by a "riot" or "civil commotion," as stated in the policy. But once that finding is made, the issue of whether the policy covers a riot — essentially the only issue addressed in the Comegys Report — is an issue of law. See High Point Design, LLC v. LM Ins. Corp., 911 F.3d 89, 93 (2d Cir. 2018) (the "interpretation of an insurance agreement is a question of law"). An expert may not opine on a question of law. See Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion"); accord American Home Assurance Co.., 462 F. Supp. 2d at 448 (an expert's report "clearly impinges upon the province of the Court, in so far as [the expert] essentially proffers his own version of contractual interpretation").[3]

---

[3] Navigators seeks "the Court's clarification as to whether Mr. Comegys' Report and/or a supporting affidavit may be considered in Plaintiff's Motion for Summary Judgment to be submitted to the Court." Pl. Mem. at 7. The ruling herein is a ruling as to the admissibility of

Conclusion

For the foregoing reasons, Navigators' motion for reconsideration (Docket # 78) is denied.

SO ORDERED.

Dated: August 19, 2022
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

Comegys' expert testimony as disclosed in the report.  The ruling applies to the admissibility of the report (and the views expressed therein) both at summary judgment and at trial.  It is unclear what sort of "affidavit" Navigators is referring to, but Comegys obviously cannot offer any new expert testimony that was not previously disclosed by the deadline for expert disclosures.