UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                           :

NAVIGATORS INS. CO.,                       :

         Plaintiff/ Counterclaim Defendant,  :

    -against-                     :

GOYARD, INC.,                      :

         Defendant/ Counterclaim Plaintiff.  :

                                             :

                                           :

------------------------------------------------------------ x

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND
RELATED RELIEF**

20 Civ. 6609 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This is an insurance coverage dispute. Goyard, a luxury leather goods company

with a storefront and corporate office on the Upper East Side of New York City, suffered an

overnight break-in and loss of $684,855 in merchandise during the civil rioting following George

Floyd's murder. The next day, June 2, 2020, Goyard filed a claim with its insurer, Navigators

Insurance Company, which Navigators denied on the grounds that its policy does not extend to

retail storage losses caused by strikes, riots, and civil commotion (SR&CC). The parties both

seek declaratory relief in support of their competing interpretations of their insurance contract.

Goyard, as the insured, seeks also to recover litigation fees and punitive damages, and adds a

claim for breach of contract.

       After completing discovery, the parties filed cross-motions for summary

judgment. Goyard also filed a motion to strike portions of Navigators' supporting exhibits

because they contained hearsay and improper expert testimony. Goyard's motion for a

declaration of coverage and reimbursement of loss is granted. Navigator's motion dismissing

1

Goyard's claim for attorneys' fees and punitive damages is granted. Goyard's motion to strike is denied as academic.

## THE 2020 POLICY

Navigators Insurance is a marine cargo insurer that issues ocean marine open cargo policies. Goyard, a luxury leather goods company, insured its marine cargo with Navigators through Marsh & McLennan Insurance Agency (MMA) as its broker.

The policy provides coverage to Goyard for goods during shipping and when held in specific locations listed on the declarations page, including Goyard NY's East 63rd Street location, the site of the riotous thefts. Policy at 5.[1] "Goods insured" include "luxury bags, wallets, fine leather goods and travel accessories." Policy at 4. They are to be valued "[a]t the amount of invoice, including all charges therein . . . plus ten percent." Policy at 4, 13.[2]

The policy contains "paramount" warranties, including an SR&CC warranty, that "shall not be modified or superseded . . . or endorsed hereon unless such other provision refers to the risks excluded by these Warranty(ies) and expressly assumes the said risks." Policy at 23.

Endorsement No. 1 (SR&CC Endorsement) covers three categories of such risks: (1) "strikers, locked-out workmen, or persons taking part in labor disturbances or riots or civil commotions," (2) "vandalism, sabotage or malicious acts," and (3) "act or acts . . . carried out for political, terroristic or ideological purposes." Policy at 37. "Coverage under . . . subsection (3) is conditional upon the property insured being in the ordinary course of transit . . . ." Policy at 37.

---

[1] Citations to the policy track the pagination as designated by ECF No. 1, Ex. 1, not the underlying document.
[2] Defendant, in its summary judgment motion, urges the Court to make the valuation based on classifying the goods insured as "raw materials, supplies in storage, used goods," which excludes the ten percent premium. Nothing in the record supports a finding that the goods insured were raw materials, supplies, or used goods.

Jessica Bratz, Goyard's insurance broker at MMA, sought coverage from her counterpart at Navigators, Karla Scott, to add coverage for retail stock throughput, or retail inventory, kept at scheduled locations. Effective January 1, 2020, Endorsement No. 4 was added. Goyard paid a 585.77% increase in premium, from $15,000 in 2019 to $102,865 in 2020. Navigators issued the complete policy, with the endorsements to MMA for Goyard, on or around March 6, 2020. Endorsement No. 4 (Storage Coverage Endorsement) provides coverage to "goods insured . . . while detained in locations approved by these Assurers subject to terms and as hereinafter provided." Policy at 44. Subsection 9(e) of the endorsement excludes certain perils. Specifically, it excludes "risks excluded by the F.C. & S and SR & CC warranties contained in the open policy, to which this coverage is attached." Policy at 46.

The flat annual premium "includes all charges for transit, war risk, SR&CC, retail inventory stock." Policy at 4.

## DISCUSSION

This is a contract construction dispute, not a factual dispute. When parties dispute the terms of an insurance contract, the court is to "to give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Est. Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006). Summary judgment is proper if the language is "wholly unambiguous." *Schiavone v. Pearce*, 79 F.3d 248, 252 (2d Cir. 1996).

### I.     Declaratory Relief & Breach of Contract

#### A.     Text of the Policy

Navigators does not dispute that the SR&CC endorsement, Endorsement No. 1, takes precedence over the SR&CC warranty. ECF No. 109 ¶31 ("The SR&CC Endorsement also takes precedence over the SR&CC Warranty"); *Cnty. of Columbia v. Cont'l Ins. Co.*, 634 N.E.2d 946, 950 (N.Y. 1994) ("[I]t is settled that in construing an endorsement to an insurance

3

policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement."); *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 84 (2d Cir. 2013) ("the endorsement unambiguously altered the original Policy, which therefore no longer governs the scope of [the insured's] coverage"). Nor does Navigators dispute that Goyard's claim arose out of a riot or civil commotion, which falls under SR&CC endorsement subsection (2).[3] Unlike subsection (3), which requires goods to be "in the ordinary course of transit," subsection (2) contains no coverage carveouts.

The insurance contract has three clauses covering loss of property because of a riot: the Warranties clause that excludes coverage unless added by an endorsement; Endorsement No. 1 that adds such coverage; and Endorsement No. 4 that excludes risks excluded by the Warranties clause. Navigators argues that Goyard's loss caused by the riot of June 1, 2020 is not covered, because Endorsement No. 4 excludes SR&CC perils by referring back to the Warranties clause. The Warranties Clause, however, does not entirely preclude SR&CC perils; it excludes them only to the extent an Endorsement does not bring them back, and Endorsement No. 1 brings back losses caused by riots. There is no basis to read Endorsement No. 4 so that it cancels Endorsement No. 1.

An insurance contract, like any other, must be read in its entirety, giving effect to all its terms. *Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Cap., Inc.*, 93 N.E.3d 743, 747 (N.Y. 2017). Goyard, for an additional premium, extended Navigator's marine policy, to cover goods in its Fifth Avenue store, as well as goods being brought into that store. It did that by procuring Endorsement No. 4. But there is no hint of an intention that, by

---

[3] It is irrelevant that goods had come to rest and were no longer "in the ordinary course of transit," as that condition applies only to claims arising under the SR&CC endorsement's subsection (3).

adding the coverage of Endorsement No. 4, it would eliminate the coverage of Endorsement No. 1. Lingering ambiguities, if any, are to be read against the insurer. *Olin Corp. v. American Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012).

**B.    Extrinsic Evidence**

Extrinsic evidence provides further support for summary judgment in Goyard's favor. Bratz requested and negotiated for broad coverage of both SR&CC risks and retail goods coverage. Email confirmation from Navigators supports a reading of the coverage as comprehensive. *See* ECF No. 113, Ex. A, Email from Scott ("On our standard policy we exclude goods at retail store, I will remove that exclusion and have done so on this updated quote version"); Bratz Dep. Tr. at 111:20–25 (Q: "you were seeking broader stock throughput coverage with this Navigators policy; correct? A: Correct."); Scott Tr. at 30:10-31:4 (Navigators' stock throughput policy covers "inventory at a retail store versus what is more typical would be at a distribution center, warehouse"). Goyard's premium went up 587.77% in 2020 to reflect the additional coverage for storage coverage.

Navigators presents no testimony nor documentary evidence that either party manifested an intent to exclude retail goods coverage from SR&CC coverage expressed in Endorsement No. 1. *Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co.*, 908 N.E.2d 875, 887 (N.Y. 2009) ("Whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language. Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction."); *Beazley Ins. Co. v. ACE American Ins. Co.*, 880 F.3d 64, 68–69 (2d Cir. 2018).

## C.    Recovery Value

The parties agree, per the pro forma invoice, that $684,855 of goods were stolen.

ECF No. 109 ¶36, 37.  With the ten percent add-on, Goyard's recovery value is $753,340.50.

Policy at 4, 13.  Since the insurance contract does not contain a provision for time of payment,

interest will begin to run 30 days after demand, or beginning July 2, 2020.

## II.    Navigator's Summary Judgment Motion: Attorney's Fees & Punitive Damages

Navigators is entitled to summary judgment denying Goyard's claim for

attorneys' fees and punitive damages.  Generally, "an insured cannot recover his legal expenses

in a controversy with a carrier over coverage, even though the carrier loses the controversy and is

held responsible for the risk." *Emps. Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824 (2d Cir.

1996); *Oriska Ins. Co. v. American Textile Maint.*, 322 Fed. App'x 36, 37–38 (2d Cir. 2009).[4]

The Court will not infer duties that the parties did not intend to create by contract.  Nor does the

Court perceive Navigators' denial of coverage and filing of this action to be in bad faith.  *See,*

*e.g.*, ECF No. 99, Exs. 4, 5; *Scottsdale Ins. Co. v. McGrath*, 549 F. Supp. 3d 334, 345–46

(S.D.N.Y. 2021) (no bad faith under New York law "where there was no gross disregard for its

policy obligation by the insurer in asserting noncoverage").

## III.    Goyard's Motion to Strike

Goyard's motion to strike portions of Navigators' supporting declarations and

affidavits as inadmissible hearsay and improper expert testimony is denied as academic given

this decision.  Some of the contested filings state opinions of Navigators' employees as to what

they believe the policy meant.  That is a task for the Court, not employees of a party.

---

[4] The policy's choice of law clause provides for "US federal maritime common law or, in the absence of US federal maritime common law, the law of the state of New York." Policy at 12. "[O]nly one state's law should govern an insurance agreement." *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 153 (2d Cir. 2003). The parties cite to New York law for the interpretation dispute, and that is the law that I apply.

## CONCLUSION

For the above reasons, Goyard's motion to recover loss of its goods is granted, and judgment will be entered in the amount of $753,340.50, plus pre-judgment interest of nine percent per annum commencing July 2, 2020, plus costs as taxed by the Clerk. N.Y. C.P.L.R. § 5004(a); *Fireman's Fund Ins. Co. v. OneBeacon Ins. Co.*, 14cv4718, 2020 WL 7028906, at *2 (S.D.N.Y. Nov. 30, 2020). Navigators' motion to dismiss Goyard's claim for attorneys' fees and punitive damages is granted. Goyard's motion to strike is denied. The Clerk shall enter judgment as instructed, terminate all open motions, and close the case.

SO ORDERED.

Dated:    January 31, 2024
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

7