**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>    -against-<br><br>GOYARD, INC.<br><br>         Defendant. | Civil Action No.: 20-cv-06609 (AJH)(GWG) |

**PLAINTIFF'S APPLICATION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY OF EXECUTION OF JUDGMENT PENDING APPEAL**

  Pursuant to Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8(a)(1), and upon the concurrently filed Declaration of Frank Jordan, the exhibits thereto, the reasons set forth below, and all of the prior pleadings and proceedings in this action, Plaintiff-Appellant Navigators Insurance Company ("Plaintiff") respectfully request that the Court enter an Order: (1) approving the supersedeas bond filed herewith in the amount of $1,052,340.29 and (2) staying execution of the judgment entered in favor of Defendant-Appellee Goyard, Inc. ("Goyard") and against Plaintiff on January 31, 2024 in the total amount of $996,308.29 (Docket No. 125) pending appeal.

  The supersedeas bond amount of $1,052,340.29 is for: (1) the principal amount of the judgment ($753,340.50), (2) pre-judgment interest in the amount of $242,967.79, as determined and memorialized in the judgment (which, when added to the principal amount of the judgment, yields a sum of $996,308.29) and (3) post-judgment interest that it is estimated will accrue during the pendency of the appeal, in the amount of $56,032.00 (*See* Declaration of Frank Jordan ("Jordan Decl."), submitted herewith, at ¶¶ 3-5; Exh. A to Jordan Decl. (the supersedeas bond)).

The estimated amount of post-judgment interest is based on the amount of the judgment with pre-judgment interest ($996,308.29) and application of interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). It is this federal rate that applies to the calculation of post-judgment interest in this case. *See FCS Advisors, Inc. v. Fair Fin. Co., Inc.*, 605 F.3d 144, 148 (2d Cir. 2010) (overturning district court order applying New York statutory rate to post-judgment interest calculation in diversity case with general New York choice- of-law provision and holding that the federal post-judgment interest rate applies "absent 'clear, unambiguous and unequivocal' language expressing an intent that a [different] interest rate apply to judgments").

For the week prior to the entry of the judgment on January 24, 2024, the average 1-year constant maturity (nominal) Treasury yield was 4.83%. This rate was applied to the total amount of the judgment ($996,308.29) over a period of 14 months, which Plaintiff believes is a reasonable estimate of the time that will be required to resolve the appeal (*See* Jordan Decl. at ¶¶ 5-6).

On February 28, 2024, Plaintiff's counsel conferred with counsel to Goyard concerning the forthcoming notice of appeal and above calculations, the legal and other grounds for those calculations, and the adequacy of the amount of the supersedeas bond (*See* Jordan Decl. at ¶ 6).

"It is common practice to stay the execution of a judgment pending appeal pursuant to Rule 62(d) upon posting of a supersedeas bond." *Harris v. Butler*, 961 F.Supp. 61, 62 (S.D.N.Y.1997) ("It is commonly understood that '[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.'")

(quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir.1979)); see also *United States v. International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO*, 1993 WL 42759, at *1 (same); *Liberty Mut. Ins. Co. v. Bankers Trust Co.*, 769 F.Supp. 130, 131 (S.D.N.Y.1991) (same).

Here, Navigators Insurance Company has indicated that it is willing to post a bond to reflect the amount of the judgment and post-judgment interest calculated upon the reasonable estimate of time that will be required to resolve the appeal (*See* Jordan Decl. at ¶ 3-5). Under these circumstances, it is respectfully submitted that the Court should grant Navigators Insurance Company's application for a stay, subject to the posting of the supersedeas bond in accordance with Fed Rules Civ Pro Rule 62(b); See, e.g., *Harris*, 961 F.Supp. at 62–63; *Liberty Mut. Ins. Co.*, 769 F.Supp. at 131.

On February 29, 2024, Plaintiff filed their notice of appeal (Docket No. 126). Plaintiff will prosecute their appeal to the United States Court of Appeals for the Second Circuit in accordance with the same (Jordan Decl. at ¶ 7).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an Order:

(1)  Approving the supersedeas bond filed herewith in the amount of $1,052,340.20; and

(2)  Staying execution of the judgment entered in favor of Goyard and against Plaintiff on January 31, 2024 in the total amount of $996,308.29 (Docket No. 125) pending appeal.

Dated: New York, New York
February 29, 2024

>Respectfully submitted,
>
>**KENNEDYS**
>
>By:    */s/ Frank Jordan*
>       Frank Jordan
>       Stephen Rible
>       *Attorneys for Plaintiff-Appellant*
>       *Navigators Insurance Company*
>       570 Lexington Avenue
>       New York, New York 10022
>       Office: (646) 625-3979
>       Frank.Jordan@Kennedyslaw.com
>       Stephen.Rible@Kennedyslaw.com

**SO ORDERED**

*/s/ Alvin K. Hellerstein*

Hon. Alvin K. Hellerstein, U.S.D.J.

Signed: March 8, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAVIGATORS INSURANCE COMPANY,

                 Plaintiff,

-against-

GOYARD, INC.

                 Defendant.

Civil Action No.: 20-cv-06609 (AJH)(GWG)

### DECLARATION OF FRANK JORDAN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY OF EXECUTION OF JUDGMENT PENDING APPEAL

FRANK JORDAN hereby declares as follows:

1. I am an attorney in the law firm of Kennedys, counsel for Plaintiff in this action. Unless otherwise noted, I have personal knowledge of the facts stated below.

2. I submit this declaration in support of Plaintiff's Application for Approval of a Supersedeas Bond and Stay of Execution of Judgment Pending Appeal.

3. On January 31, 2024, this Court entered judgment against Plaintiff in the total amount of $996,308.29 (*See* Docket No. 125). The judgment is comprised of a principal amount of $753,340.50 and pre-judgment interest in the amount of $242,967.79 (*See* Docket No. 125).

4. Filed concurrently with these papers is the supersedeas bond in the total amount of $1,052,340.29, issued by Hartford Fire Insurance Company. In addition to the principal amount of the judgment and pre-judgment interest as determined in the judgment, the supersedeas bond is for post-judgment interest that it is estimated will accrue during the pendency of the appeal,

1

in the amount of $56,032.00. A complete and correct copy of the supersedeas bond is attached as Exhibit A.

5. Post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). For the week prior to the entry of the judgment on January 24, 2024, the average 1-year constant maturity (nominal) Treasury yield was 4.83%. This rate was applied to the total amount of the judgment ($996,308.29) over a period of 14 months, which is the reasonable estimate of the time that will be required to resolve the appeal. The result is estimated post-judgment interest in the amount of $56,032.00, which, when added to $996,308.29, yields $1,052,340.29, the amount of the supersedeas bond.

6. The undersigned conferred with counsel to Defendant-Appellee Goyard, Inc. on February 28, 2024 concerning the forthcoming notice of appeal and adequacy of the amount of the supersedeas bond, including the extent to which it should include an amount for post-judgment interest that is reasonably estimated will accrue during the pendency of the appeal, the manner of calculating post-judgment interest, and the legal and other grounds for those calculations. The undersigned followed up with an e-mail to Goyard's Counsel on February 28, 2024 containing the estimated time of appeal, the manner of calculating post-judgment interest, and the legal and other grounds for those calculations.

7. On February 29, 2024, Plaintiff filed their notice of appeal (Docket No. 126). Plaintiff will prosecute their appeal to the United States Court of Appeals for the Second Circuit in accordance with the same.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 29, 2024

    Respectfully submitted,

    /s/*Frank Jordan*

    Frank Jordan
    Stephen Rible
    **KENNEDYS**
    570 Lexington Avenue
    New York, New York 10022
    Tel: (646) 625-3979
    Frank.Jordan@Kennedyslaw.com
    Stephen.Rible@Kennedyslaw.com

    *Attorneys for Plaintiff-Appellant*

# Appeal Bond

**Hartford Fire Insurance Company**
One Hartford Plaza, T-12, Hartford, CT  06155

United States District Court
Southern District of New York

Navigators Ins. Co.,

           Plaintiff/Counterclaim Defendant,

-against-

Goyard, Inc.,

           Defendants/Counterclaim Plaintiff,

Alvin K. Hellerstein, U.S.D.J.:

Bond No.  **13BSBJE3535**

Index or

Cause No.  **20CIV.6609 (AKH)**

KNOW ALL MEN BY THESE PRESENTS, that we third party defendants, as Principal, and **Hartford Fire Insurance Company**, a corporation organized under the laws of the State of Connecticut and authorized to do business in the State of New York, as Surety, are held and firmly bound unto Goyard, Inc., as Obligee, in the maximum penal sum of One Million Fifty Two Thousand Three Hundred Forty and Twenty Nine cents **($1,052,340.29),** lawful money of the United States of America, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal has appealed to the appellate from a judgment entered on the **31st** day of **January**, **2024**.

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall diligently prosecute its appeal to a decision, and shall promptly perform and satisfy the judgment, then this obligation will be void; otherwise to remain in full, force and effect.

PROVIDED, however, that in no event shall the surety's liability exceed the penal sum of this bond.

SIGNED, SEALED AND DATED this **29th** day of **February**, **2024**.

By: _____, Principal

**Hartford Fire Insurance Company**
By: _____
Seira Bonney, Attorney-in-Fact

S-5347 (12-99)

# POWER OF ATTORNEY

**Direct Inquiries/Claims to:**
**THE HARTFORD**
**BOND, T-12**
**One Hartford Plaza**
**Hartford, Connecticut 06155**
bond.claims@thehartford.com
call: **888-266-3488** or fax: **860-757-5835**

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**                    Location: Garden State R.O.  - Bond Dept.

| | | |
|---|---|---|
| X | **Hartford Fire Insurance Company**, | a corporation duly organized under the laws of the State of Connecticut |
| X | **Hartford Casualty Insurance Company**, | a corporation duly organized under the laws of the State of Indiana |
| X | **Hartford Accident and Indemnity Company**, | a corporation duly organized under the laws of the State of Connecticut |
| ☐ | **Hartford Underwriters Insurance Company**, | a corporation duly organized under the laws of the State of Connecticut |
| ☐ | **Twin City Fire Insurance Company**, | a corporation duly organized under the laws of the State of Indiana |
| ☐ | **Hartford Insurance Company of Illinois**, | a corporation duly organized under the laws of the State of Illinois |
| ☐ | **Hartford Insurance Company of the Midwest**, | a corporation duly organized under the laws of the State of Indiana |
| ☐ | **Hartford Insurance Company of the Southeast,** | a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, **up to the amount of unlimited:**

Nora L. Rodriguez, John A. Macdonald, Debra Weinstein, Catherine Donahue, Lynn Crandall,
Kathryn L. Manos, Elizabeth Wagner, Carrie Robinson, Seira Bonney, Brendan Jacobs, Patrick Lee

of

Morristown, NJ

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ☒, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**In Witness Whereof**, and as authorized by a Resolution of the Board of Directors of the Companies on May 23, 2016 the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary.  Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney**.**



Shelby Wiggins, Assistant Secretary                                                            Joelle L. LaPierre, Assistant Vice President

**STATE OF FLORIDA**
**COUNTY OF SEMINOLE**  } ss.    Lake Mary

On this 20th day of May, 2021, before me personally came Joelle LaPierre, to me known, who being by me duly sworn, did depose and say: that (s)he resides in Seminole County, State of Florida; that (s)he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that (s)he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that (s)he signed his/her name thereto by like authority.



Jessica Ciccone
My Commission HH 122280
Expires June 20, 2025

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of _____.

Signed and sealed in Lake Mary, Florida.



Keith D. Dozois, Assistant Vice President



**Date:**                                                                                    **Agency Code:**

**Attn:  Bond Department**

**Insured / Principal:**
**Policy / Bond #:**
**Account Name/Number:**
**Policy Term:**
**Type of Policy:**
**Billing Term:**
**Billing Type:**
**Transaction Type:**
**Transaction Effective Date:**
**Bond Limit:**

## Agent's Advice of Premium for Fidelity and Surety Bonds

| Premium | Commission % | Commission Amount |
|---------|--------------|-------------------|
| $       | %            | $                 |

**Premium will be included in your usual Agency Accounting statement or Direct Bill notification.**
**If you have any questions regarding this transaction, please contact your Hartford Bond Center.**